IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**DR. MARCK BEGGS AND**
**DR. MEGAN HICKERSON**                                                             **PLAINTIFF**

v.                         Case No. 6:23-CV-06068

**HENDERSON STATE UNIVERSITY**                                              **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Dr. Marck Beggs and Dr. Megan Hickerson, by and through their attorneys Chris Burks and Lindsey Noe of WH LAW, for their Original Complaint against Henderson State University, they do hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1. Plaintiffs bring this action against the Defendant for violation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000(e)2 ("Title VII"); and the Age Discrimination in Employment Act, 29 U.S. Code § 623, for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiffs, resulting in the Defendant's failure to promote Plaintiffs over a younger and less experienced faculty member, and their terminations from employment at the end of the 2022-2023 school years.

2. Plaintiffs received inequitable treatment and adverse employment actions as a result of their respective ages, which are 65 (Beggs) and 57 (Hickerson).

3. Upon information and belief, Defendant has willfully and intentionally committed violations of Title VII and the ADEA, as described, *infra*.

## II.  JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the Title VII and ADEA.

5. The acts complained of herein were committed and had their principal effect within the Hot Springs Division of the Western District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

7. The witnesses to Title VII and ADEA violations alleged in this Complaint reside in this District.

## III. THE PARTIES

8. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Beggs is a resident and citizen of Pulaski County, Arkansas.

10. Plaintiff Hickerson is a resident and citizen of Jefferson County, Arkansas.

11. Plaintiff Beggs was hired by Defendant in January 1997.

12. At the time of his termination, he was a tenured professor in the English, Foreign Language, and Philosophy Department at Henderson State University. He was previously a Dean of the Graduate School and a Director of the MLA Program.

13. Plaintiff Hickerson was hired by Defendant in August 2007.

14. At the time of her termination, she was a tenured Professor of History in the Department of Social Sciences at Henderson State University and the Director of Ellis College's Master of Liberal Arts Program.

15. Plaintiffs' positions, along with the positions of sixty-five other faculty members, were terminated by the Arkansas State University Board of Trustees on May 5, 2022.

16. Because of the terms of Plaintiffs' contracts as tenured faculty members, Plaintiffs were provided a twelve-month notice of termination and their employment with Defendant expired at the end of 2022-2023 school year.

17. At all material times, Plaintiffs have been entitled to the rights, protection, and benefits provided under Title VII and the ADEA.

18. Defendant is a public university located in Clark County, Arkansas, which became part of the Arkansas State University System on February 1, 2021.

19. Defendant can be served through its agent for service, Dr. Charles Ambrose, Chancellor.

20. Defendant is an "employer" within the meanings set forth in Title VII and the ADEA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

## IV.   FACTUAL ALLEGATIONS

21. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

22. Plaintiffs were long-term tenured faculty members at Henderson State University.

23. During their employment, Plaintiffs made important and significant contributions to the Defendant's academic programs, interdisciplinary student engagement within the

University, and the Defendant's reputation as a premier liberal arts university in the State of Arkansas.

24. Dr. Marck Beggs was a professor of English and a former Dean of the Graduate School. He was the editor and publisher of the university's interdisciplinary student journal for over twenty years. He was heavily involved in developing, teaching, and leading various interdisciplinary classes and programs, in addition to touring high schools and colleges across the state as a visiting poet and representative of the Defendant's English faculty. Dr. Beggs also consistently provided voluntary services to the university.

25. Dr. Megan Hickerson was a professor of History and the Director of the Master of Liberal Arts Program. She is the author of both a book and several interdisciplinary articles in academic journals, successfully directed an interdisciplinary program for six years, taught an interdisciplinary seminar within that program every semester for fourteen years, and served for several years on the Steering Committee for an interdisciplinary undergraduate minor. Dr. Hickerson has also consistently provided voluntary service to the university. She has received faculty excellence awards for both teaching and service.

26. Both Plaintiffs have outstanding reputations as educators. Over their long histories of employment with Defendant, they have demonstrated their commitment to the Defendant and its students.

27. Yet in 2022, the Defendant's leadership decided to promote a younger, less experienced, and non-tenured faculty member to the position of Academic Program Director for the Arts and Humanities, whose disciplines include both English and History.

28. Mrs. Lacy Klinger, who was hired by the University in 2021, was promoted to the Academic Program Director position. At the time she was hired, Mrs. Klinger was 37 years old. Mrs. Klinger also received a substantial raise based on her promotion.

29. Mrs. Klinger has less education than Plaintiffs, a shorter employment history with the Defendant, less experience leading interdisciplinary programs, and less experience as a teacher. She is also not a member of the university's tenured faculty.

30. Despite the fact that both Plaintiffs were clearly more qualified than Mrs. Klinger for this position, Chancellor Ambrose hired Mrs. Klinger for the Academic Program Director position without advertising the position, interviewing Plaintiffs, or even offering Plaintiffs a chance to apply.

31. Chancellor Ambrose's decision to hire Mrs. Klinger is exacerbated by the fact that he became Chancellor in November 2021. At the time Mrs. Klinger was promoted in April 2022, Chancellor Ambrose had an extremely limited amount of time on campus to familiarize himself with the University's faculty and programs.

32. Rather than enacting a fair and impartial hiring process, Defendant's leadership showed clear preferential bias toward a younger applicant and hired her without allowing older and more experienced faculty members a chance to even apply for this position.

33. At the same time Chancellor Ambrose and University leadership promoted Mrs. Klinger and gave her a substantial raise, they had just secured a declaration of financial exigency due to a supposed financial shortfall of over $12 million dollars, which Chancellor Ambrose represented would occur by June 30, 2022.

34. A declaration of financial exigency is a one of the most serious steps a university can take, typically taken only as a last result when a college or university does not have enough funds to pay its bills or its faculty and staff.

35. The declaration of financial exigency also allowed the Defendant to terminate tenured faculty members and eliminate university programs, if they could demonstrate that doing so was necessary to ameliorate the ongoing financial crisis.

36. The Defendant's faculty senate, academic deans, and Arkansas State University System Board of Trustees issued the declaration of financial exigency based on statements made by Chancellor Ambrose about the $12.5 million shortfall supposedly facing the University by the end of June 2022.

37. This declaration allowed Defendant to terminate dozens of faculty members, most of whom were over the age of fifty, and eliminate twenty-five academic programs.

38. Forty-four tenured faculty members, including the Plaintiffs, were terminated by the Defendant on May 5, 2022. All forty-four tenured faculty members were over the age of forty, with twenty-five (including both Plaintiffs) over the age of fifty.

39. After financial exigency had been declared and Plaintiffs were terminated, Chancellor Ambrose revised his earlier claims to state that "a shortfall of approximately $12.5 million would exist if federal stimulus funds were not available in this fiscal year"—which they were. The university's shortfall was ultimately millions of dollars less than Chancellor Ambrose and Defendant's leadership had projected when they sought the extreme step of declaring financial exigency.

40. Whatever their reasons for seeking the declaration of financial exigency, once it was declared, Defendant again showed a clear preference against older and more experienced faculty members in making decisions about which faculty were terminated and which were promoted, such as Mrs. Klinger.

41. Defendant's Faculty Handbook states that if faculty and staff are terminated as the result of financial exigency, they are to

> "be given opportunities for appointment, without jeopardy to other employees, in related areas provided they are qualified professionally to serve in such areas, and such positions are available".

42. Non-tenured faculty, like Mrs. Klinger, do not have a specific provision in the handbook offering them opportunities for appointment to related areas.

43. Defendant failed to offer Plaintiffs the opportunity to apply for employment as Academic Program Director for the Arts and Humanities, even though both Plaintiffs had more extensive qualifications for this position than Mrs. Klinger, the non-tenured faculty member who was hired.

44. If Mrs. Klinger had not been hired as Academic Program Director with such immediacy, she would have been terminated along with all other untenured Arts and Humanities faculty whose programs were terminated in May 2022.

45. As a result of Defendant's decision to terminate older tenured faculty members, younger faculty, who are typically less experienced and thus less costly for the Defendant to employ, received preferential treatment as they were not terminated by the Defendant.

46. Plaintiffs received adverse employment actions of not being allowed the opportunity to apply for a promotion to Academic Program Director position and being terminated from employment at the end of the 2022-2023 calendar year.

47. As a result of the ongoing discrimination Plaintiff Beggs experienced as a result of his age, which is 65, Plaintiff was denied the opportunity to apply for a promotion and was terminated from his employment in May 2023.

48. As a result of the ongoing discrimination Plaintiff Hickerson experienced as a result of her age, which is 57, Plaintiff was denied the opportunity to apply for a promotion and terminated from her employment in May 2023.

## V.   FIRST CLAIM FOR RELIEF – Title VII Claims

49. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

50. Plaintiffs filed timely charges with the EEOC, received right to sue letters, and thus exhausted their administrative remedies.

51. Defendant engaged in unlawful employment practices at their facility in Arkadelphia, Arkansas, in violation of 42 U.S. Code §2000e-2.

52. Specifically, and as detailed above, Plaintiffs Beggs and Hickerson were denied the opportunity to apply for promotions, even though the Defendant's own regulations specifically allowed them, as tenured faculty, special consideration for appointment in other areas.

53. Instead of allowing Plaintiffs this consideration, Defendant promoted a non-tenured, younger, and less experienced faculty member instead of Plaintiffs.

54. Plaintiffs were denied the opportunity to apply for promotions and were ultimately terminated as a result of ongoing age discrimination.

55. Defendant employs younger employees who were not subject to the same treatment that Plaintiffs experienced during their employment.

56. As a result, Plaintiffs were treated disparately from Defendant's younger employees.

57. At all relevant times, Plaintiffs could perform the essential functions of the positions for which they were hired.

58. However, Plaintiffs were denied promotions and ultimately terminated from their positions within the relevant statutory period.

59. The effect of the practices complained of above have been to deprive Plaintiffs of equal employment opportunities and otherwise adversely affect their status as employees as a result of their ages.

60. The unlawful employment practices complained of above were and are intentional.

61. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiffs.

62. Pursuant to Title VII of the 1964 Civil Rights Act, as amended, Plaintiffs are entitled to, and they seek, back pay and an additional amount as compensatory and punitive damages equal to the sum of their lost wages or salaries, benefits and/or other compensation denied or lost to them by reason of Defendant's violations of Title VII, front pay, plus any interest they are entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

## VI. SECOND CLAIM FOR RELIEF – ADEA and OWBPA Claims

63. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

64. Plaintiffs filed timely charges with the EEOC, received right to sue letters, and thus exhausted their administrative remedies.

65. Defendant engaged in unlawful employment practices at their facility in Arkadelphia, Arkansas, in violation of 29 U.S. Code § 623.

66. Specifically, and as detailed above, Plaintiffs Beggs and Hickerson were denied the opportunity to apply for promotions and ultimately terminated as a result of ongoing age discrimination.

67. To the extent they were offered a waiver under the Older Workers Benefits Protection Act amendments, the waiver was not written in a manner that can be clearly understood and thus not "knowing" or "voluntary," did not specifically refer to rights or claims arising under the ADEA, did not advise the employee in writing to consult an attorney before accepting the agreement, did not provide the employees with at least 45 days to consider the offer, did not give an employee seven days to revoke his or her signature, and was not supported by consideration in addition to that to which the employee already is entitled.

68. As such, Defendant has willfully violated the ADEA and Plaintiffs are entitled to damages for each and every violation of the ADEA.

69. Defendant employs younger employees who were not subject to the same treatment that Plaintiffs experienced during their employment.

70. As a result, Plaintiffs were treated disparately from Defendant's younger employees.

71. At all relevant times, Plaintiffs could perform the essential function of the position for which they were hired.

72. However, Plaintiffs were denied the opportunities to apply for promotions and ultimately terminated from their positions within the relevant statutory period.

73. The effect of the practices complained of above have been to deprive Plaintiffs of equal employment opportunities and otherwise adversely affect their status as an employees because of their ages.

74. The unlawful employment practices complained of above were and are intentional and willful.

75. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiffs.

76. Pursuant to Age Discrimination in Employment Act, as amended, Plaintiffs are entitled to, and they seek, back pay and an additional amount as compensatory and punitive damages equal to the sum of their lost wages or salaries, benefits and/or other compensation denied or lost to them by reason of Defendant's violations of ADEA, plus any interest they are entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ADEA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Dr. Marck Beggs and Dr. Megan Hickerson respectfully pray that Defendant be summoned to appear and to answer herein as follows:

(A)  A declaratory judgment that Defendant's practices violate Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000(e)-2 and the related regulations;

(B)  Judgment for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. Code §2000(e)-2, *et seq.* for all compensation, compensatory, and punitive damages owed to Plaintiff, including an appropriate award of front pay;

(C)  A declaratory judgment that Defendant's practices violate the Age Discrimination in Employment Act, 29 U.S. Code § 623 and the related regulations;

(D)  Judgment for damages pursuant to the Age Discrimination in Employment Act , 29 U.S. Code § 623, *et seq.* for all compensation, compensatory, and punitive damages owed to Plaintiffs, including an appropriate award of front pay;

(E)  An order directing Defendant to pay compensatory and punitive damages to Plaintiffs along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(F)  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Dr. Marck Beggs and Dr. Megan Hickerson, PLAINTIFFS**

wh Law
North Little Rock Office
501.888.4357

By:  Chris Burks (ABN: 2010207)
chris@wh.law
Lindsey Noe (ABN: 2009209)
lindsey@wh.law

Mailing Address:
1 Riverfront Place, Suite 745
North Little Rock, AR 72114