IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DR. MARCK BEGGS AND
DR. MEGAN HICKERSON                                                     PLAINTIFFS

V.                      CASE NO. 6:23-CV-6068-SOH

DR. CHARLES AMBROSE                                             DEFENDANT

**BRIEF IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

Plaintiffs' First Amended and Substituted Complaint ("Complaint") against Dr. Charles Ambrose[1] ("Ambrose") based on age discrimination under the Age Discrimination in Employment Act ("ADEA") and alleged breach of contract should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted. These claims are barred by sovereign immunity, and the Plaintiffs lack standing to bring their age discrimination claim. The Court should further decline to exercise supplemental jurisdiction over Plaintiffs' First Amended and Substituted Complaint ("Amended Complaint") against Ambrose for breach of contract.

**INTRODUCTION**

The allegations below are contained in Plaintiffs' Complaint.[2] Plaintiffs are former tenured professors at Henderson State University. Doc. 11, ¶¶ 13, 15. Separate Plaintiff Dr. Marck Beggs ("Beggs") is sixty-five (65) years old. Separate Plaintiff Dr. Megan Hickerson ("Hickerson") is

---

[1] Plaintiffs' Original Complaint named Henderson State University as Defendant. Doc. 2. In filing their First Amended and Substituted Complaint, Plaintiffs dropped all claims against Henderson State University and in fact removed the university from even being identified as a party in the caption of the case. Doc. 11. In light of the Plaintiffs' abandonment of their claims against Henderson State University, the Court should enter an order formally dismissing Henderson State University as a defendant.

[2] For purposes of this Motion to Dismiss only, Ambrose sets forth the facts as alleged in Plaintiffs' Complaint. Ambrose reserves the right to deny any and all allegations contained in Plaintiffs' Complaint should this Motion to Dismiss be denied.

fifty-seven (57) years old. Doc. 11, ¶ 2. Henderson State is a public university and is part of the Arkansas State University System. Doc. 11, ¶ 37.  Ambrose is Chancellor of Henderson State. Doc. 11, ¶ 20. In Spring 2022, Henderson State's faculty senate, academic deans, and Arkansas State University System Board of Trustees issued a declaration of financial exigency. Doc. 11, ¶ 37. A declaration of financial exigency is one of the most serious steps a university can take and allows the termination of tenured faculty and the elimination of university programs if it is shown that doing so is necessary to help with the ongoing financial crisis. Doc. 11, ¶¶ 35, 36. Plaintiffs' positions along with sixty-five (65) other faculty members at Henderson State, were terminated by the Arkansas State University Board of Trustees on May 5, 2022. Doc. 11, ¶ 16.

Henderson State promoted Lacy Klinger ("Klinger") to Academic Program Director in April 2022. Doc. 11, ¶ 29. Klinger was promoted to Academic Program Director without advertising the position, interviewing Plaintiffs, or offering Plaintiffs an opportunity to apply. Doc. 11, ¶31. Ambrose failed to offer Plaintiffs the opportunity to apply for employment as Academic Program Director for the Arts and Humanities even though both Beggs and Hickerson had more extensive qualifications for the position than Klinger. Doc. 11, ¶ 44. Plaintiffs suffered an adverse employment action in not being allowed to apply for the Academic Program Director position and in being terminated in May 2023. Doc. 11, ¶¶ 47-49.

For their first count, Plaintiffs allege that Ambrose violated the ADEA when Plaintiffs were denied the opportunity to apply for promotions and ultimately terminated due to alleged age discrimination. Doc. 11, ¶¶ 53, 59.  They allege that "Defendant employs younger employees who were not subject to the same treatment that Plaintiffs experienced during their employment." Doc. 11, ¶ 56. For relief in connection with this claim, Plaintiffs seek "a declaratory judgment that

Defendant follow the law and injunctive relief to be able to apply for a position as provided in the handbook, denied or lost to them by reason of Defendant's violations of ADEA." Doc. 11, ¶ 63.

For their second count, Plaintiffs allege that Henderson State's Faculty Handbook and other parts of Plaintiffs' employment contract formed a binding employment contract which is binding on Ambrose as Chancellor. Doc. 11, ¶ 66. They assert that Defendant breached the terms of the Handbook and employment contract by failing to offer Plaintiffs the opportunity to apply for employment as the Academic Program Director for the Arts and Humanities. Doc. 11, ¶¶ 67-68. For relief, Plaintiffs seek "injunctive relief that Defendant honor the terms of the contract and allow Plaintiffs to apply for positions." Doc. 11, ¶ 69.

Plaintiffs' Complaint against Ambrose, in his official capacity as Chancellor of Henderson State, must be dismissed in its entirety because it is barred by sovereign immunity.

## STANDARD OF REVIEW

A complaint must contain sufficient factual allegations to state a plausible claim to relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Furthermore, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that merely "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. More than "naked assertions devoid of further factual enhancement" is required. *Id*.

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). Legal conclusions, unsupported conclusions, and unwarranted inferences must be ignored and fail to withstand a Rule 12(b)(6) motion. *See Farm Credit Svcs. v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003). A court is "not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Warmington v. Bd. of Regents of Univ. of Minnesota*, 455 F. Supp. 3d 871, 880 (D. Minn. 2020), *aff'd,* 998 F.3d 789 (8th Cir. 2021).

## ARGUMENT

**A.    Plaintiffs' age discrimination claims under the ADEA are barred by sovereign immunity.**

Plaintiffs' claims of age discrimination under the ADEA are barred by sovereign immunity. In *Kimel v. Florida v. Board of Regents*, 528 U.S. 62 (2000), the Supreme Court held that the ADEA's purported abrogation of the States' sovereign immunity was invalid. *Accord Fromm v. Commission of Veterans Affairs*, 220 F.3d 889 (8th Cir. 2000) (the ADEA does not abrogate a state's Eleventh Amendment immunity). A state agency or official is also entitled to "Eleventh Amendment immunity if the immunity will protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself." *Becker v. University of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999). Ambrose is the Chancellor of Henderson State which is a public university and part of the Arkansas State University System. Doc. 11, ¶¶ 19-20.  Where a complaint is silent about the capacity in which a defendant is sued, the court will interpret the complaint as including only official capacity claims. *Gray v. Arkansas Dep't of Hum. Servs.*, 406 F. App'x 84 (8th Cir. 2010). Arkansas public universities are agencies of the state and immune from suit. *Buckley v. Univ. of Arkansas Bd. of Trustees*, 780 F. Supp. 2d

4

827, 830 (E.D. Ark. 2011). Like the claims in *Buckley*, Plaintiffs' ADEA claims are barred by the doctrine of sovereign immunity and must be dismissed under Fed. R. Civ. P. 12(b)(1). Because they are barred by sovereign immunity, Plaintiffs' ADEA claims should also be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiffs may argue their claim is for prospective injunctive relief and not barred by sovereign immunity under Ex *Parte Young*, 209 U.S. 123 (1908). "A plaintiff seeking injunctive relief against a state official under *Ex parte Young* must demonstrate both that she seeks prospective injunctive relief and that there is a continuing violation of federal law." *Sterling v. Bd. of Trustees of Univ. of Arkansas*, No. 4:19-CV-00025 KGB, 2020 WL 6268109, at *6 (E.D. Ark. Oct. 23, 2020). Plaintiffs do not seek reinstatement. In fact, Plaintiffs' positions were eliminated. Aside from appointing Lacy Kling to the Academic Program Director for Arts and Humanities position without first offering them the chance to apply, Plaintiffs have not alleged that Ambrose has taken any action to prevent them from applying for any other position that has come open. Further, they have not identified an open position for which they would like to apply, nor do Plaintiffs allege that Ambrose is currently taking any action to prevent them from applying for open positions. All of Plaintiffs allegations are about what has already happened – there are no allegations of ongoing or future violations. *E.g.* Doc. 11, ¶¶ 44, 47, 59, 67. Therefore, Plaintiffs Complaint against Ambrose based on violation of the ADEA is barred by sovereign immunity.

**B.      Plaintiffs lack standing to bring an ADEA claim.**

"In order to have standing in federal court, a plaintiff must allege a concrete and particularized injury-in-fact that is (1) actual or imminent, (2) fairly traceable to the defendant's wrongful conduct, and (3) redressable by a favorable judicial decision." *Stepps v. Bd. of Trustees of Univ. of Arkansas*, No. 4:21-CV-00986-LPR, 2022 WL 4086647, at *4 (E.D. Ark. Sept. 6,

5

2022). In *Stepps*, a professor failed to allege any ongoing or imminent injuries that would be redressed by prospective injunctive relief. *Id*. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998).

Here, like in *Stepps*, Plaintiffs fail to allege any ongoing or future harm. Instead, they allege that Ambrose appointed Lacy Klinger to the Academic Program Director for Arts and Humanities without offering them the opportunity to apply and that they were ultimately terminated. These are allegations of past wrongful conduct, not allegations of ongoing or imminent conduct. This is evident even in their prayer for relief. There, Plaintiffs ask for "[a]n order for injunctive relief pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 623, *et seq*. and Arkansas common law that Dr. Charles Ambrose follow the law and allow Plaintiffs to apply for the position they were denied and other positions." Doc. 11 at 11. Plaintiffs have not alleged that Ambrose has declared Plaintiffs ineligible to apply for positions as they come open or otherwise acted to prevent them from applying for positions in the future. Their only factual allegations relate to the past appointment of the Academic Program Director for Arts and Humanities. For purposes of Plaintiffs' official capacity claims against Ambrose, no injury is alleged that is redressable by the court. Therefore, Plaintiffs lack standing to pursue their ADEA claim and the Court should dismiss Plaintiffs' Complaint accordingly.

C. **The Plaintiffs' breach of contract claim is barred by sovereign immunity.**

The Plaintiffs' breach of contract claim should be dismissed because it is barred by Eleventh Amendment sovereign immunity. Plaintiffs apparently seek to enforce the terms of employment contracts they allegedly held with Henderson State University by seeking declaratory

6

and injunctive relief against the university's chancellor in his official capacity. The Eighth Circuit Court of Appeals addressed this issue directly when confronted with a plaintiff who sought to enforce the terms of a contract it held with Arkansas State University by seeking injunctive relief against university officials in their official capacities. *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442 (8th Cir. 1995). In concluding that the plaintiff's complaint was barred by sovereign immunity under the Eleventh Amendment, the court explained that the exception to the Eleventh Amendment found in *Edleman v. Jordan*, 415 U.S. 651 (1974), and *Ex Parte Young* "is limited, however, to injunctive relief granted on the basis of *federal* law." *Id.* 64 F.3d at 447 (emphasis added). For this proposition, the Eighth Circuit block quoted the United States Supreme Court's decision in *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984):

> A federal court's grant of relief against state officials on the basis of state law, whether perspective or retroactive, does not validate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that *Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law.

*Dover Elevator Co.*, 64 F.3d at 447 (quoting *Pennhurst*, 465 U.S. at 106). Accordingly, the plaintiff in *Dover Elevator Co.* could not pursue its breach of contract claims for monetary or injunctive relief against official capacity state defendants in federal court, and neither can the Plaintiffs here pursue their breach of contract claims against Ambrose in this Court.

### D. The Court should decline to exercise supplemental jurisdiction over Plaintiffs' breach of contract claim.

Even if the Plaintiffs' breach of contract claim were not barred by sovereign immunity, the Court should nevertheless decline to exercise supplemental jurisdiction over that state law claim. 28 USC § 1367 provides that district courts may decline to exercise supplemental jurisdiction over state-law claims if:

    (1) the claim raises a novel or complex issue of State law,

    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3) the district court has dismissed all claims over which it has original jurisdiction, or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction

Because Plaintiffs' claims under the ADEA must be dismissed and the state law claim for breach of contract is barred by sovereign immunity, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law breach of contract claim. *Laney v. City of St. Louis, Missouri*, No. 4:18 CV 1575 CDP, 2021 WL 4439252, at *10 (E.D. Mo. Sept. 28, 2021), aff'd, 56 F.4th 1153 (8th Cir. 2023).

## **CONCLUSION**

Plaintiffs' claims based on age discrimination under the ADEA must be dismissed under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) because they are barred by the doctrine of sovereign immunity in that Plaintiffs do not seek prospective injunctive relief to remedy an imminent or ongoing violation of federal law. Plaintiffs also lack standing to pursue their ADEA claims against Ambrose. Finally, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law breach of contract claim.

Respectfully submitted,

TIM GRIFFIN
Attorney General


Carl F. "Trey" Cooper, III
Ark Bar No. 2007294
Senior Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-3658
Fax:      (501) 682-2591
Email:  trey.cooper@arkansasag.gov

*Attorneys for Defendant, Charles Ambrose, in his official capacity as Chancellor of Henderson State University.*

9