IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DR. MARCK BEGGS, and
DR. MEGAN HICKERSON                                                                      PLAINTIFFS

v.                                            Case No. 6:23-cv-06068

DR. CHARLES AMBROSE                                                                       DEFENDANT

## ORDER

Before the Court is Defendant Dr. Charles Ambrose's Motion to Dismiss.  ECF No. 15. Plaintiffs responded.  ECF No. 20.  The Court finds the matter ripe for consideration.

## BACKGROUND[1]

Plaintiffs Drs. Marck Beggs ("Plaintiff Beggs") and Megan Hickerson ("Plaintiff Hickerson") are former tenured professors at Henderson State University ("Henderson State"). ECF No. 11, p. 2-3.  Henderson State is a public university that is part of the Arkansas State University System.  *Id.* at 6.  Defendant is the Chancellor of Henderson State and has been since November 2021.  *Id.* at 3, 5.  Henderson State hired Plaintiff Beggs in January 1997 and Plaintiff Hickerson in August 2007.  *Id.* at 2.  Plaintiff Beggs is sixty-five (65) years old, and Plaintiff Hickerson is fifty-seven (57) years old.  *Id.* at 1.

In Spring 2022, "Henderson State's faculty senate, academic deans, and Arkansas State University System Board of Trustees issued [a] declaration of financial exigency." *Id.* at 6.  "A declaration of financial exigency is one of the most serious steps a university can take, typically taken only as a last result when a college or university does not have enough funds to pay its bills

---

[1] The following facts are taken from Plaintiffs' operative complaint (ECF No. 11) and for purposes of this Order are accepted as true.

or its faculty and staff." *Id.*  By a showing of necessity "to ameliorate the ongoing financial crisis," this exigency allowed for the termination of tenured faculty and the elimination of university programs. *Id.*  On May 5, 2022, the termination of Plaintiffs and sixty-five (65) other Henderson State faculty members was approved. *Id.* at 3.  Plaintiffs were given a twelve-month notice of their termination of employment due to their tenured status with Henderson State. *Id.*  Their employment expired at the end of the 2022-2023 school year. *Id.*

In 2021, Henderson State hired Lacy Klinger who was thirty-seven (37) years old at the time. *Id.* at 5.  In April 2022, Ms. Klinger, a non-tenured faculty member, was promoted to the position of Academic Program Director. *Id.* at 5, 7.  Plaintiffs allege that Defendant promoted Ms. Klinger "without advertising the position, interviewing Plaintiffs, or even offering Plaintiffs a chance to apply." *Id.* at 5.  Although Plaintiffs had more extensive qualifications for the Academic Program Director than Ms. Klinger, Plaintiffs allege Defendant showed clear preferential bias toward Ms. Klinger and "hired her without allowing older and more experienced faculty members a chance to even apply for the position." *Id.* at 5, 7.  Plaintiffs additionally point to a provision in Henderson State's Faculty Handbook that states that faculty are to be given opportunities for available appointment in related areas of which they are qualified if they are terminated as a result of financial exigency. *Id.* at 7.  Plaintiffs assert that they "received adverse employment action of not being allowed the opportunity to apply for a promotion to [the] Academic Program Director position and being terminated from employment at the end of the 2022-2023 calendar year." *Id.* at 8.

On June 5, 2023, Plaintiffs filed their initial complaint, naming Henderson State as a Defendant. ECF No. 2.  On June 19, 2023, Henderson State filed a motion to dismiss for lack of jurisdiction. ECF No. 8.  On June 28, 2023, Plaintiffs filed an amended complaint, naming only

Dr. Ambrose as a defendant, alleging that he terminated their employment with Henderson State in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623. ECF No. 11. Plaintiffs also bring a state law breach of contract claim. *Id.* On July 17, 2023, the Court entered an order denying as moot Henderson State's Motion to Dismiss due to Plaintiffs' filing of their Amended Complaint (ECF No. 11) which does not list Henderson State as a defendant. ECF No. 14. On July 26, 2023, Defendant filed the instant motion arguing that Plaintiffs' claims are barred by sovereign immunity and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b). ECF No. 15.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must accept as true all factual allegations set forth in the complaint, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

3

requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557).  In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

Plaintiffs bring their first claim against Defendant pursuant to the ADEA and their second claim for breach of contract pursuant to state law.  ECF No. 11, p. 11.  Plaintiffs seek a declaratory judgment that Defendant's practices violated the ADEA and an order for injunctive relief pursuant to the ADEA and Arkansas common law stating that Defendant "follow the law and allow Plaintiffs to apply for the position they were denied and other positions." *Id*.  The Court will first address Plaintiff's ADEA claim followed by their state-law claim.

### A. ADEA Claim

Plaintiffs sue Defendant pursuant to the ADEA, but do not specify in what capacity they bring suit against him.  "When a plaintiff's complaint is silent or otherwise ambiguous about the

capacity in which the plaintiff is suing the defendant, Eighth Circuit precedent requires the Court to presume that the plaintiff brings suit against the defendant" only in his official capacity. *Cass v. Solis*, No. 6:15-CV-6045, 2016 WL 3264291, at *3 (W.D. Ark. June 14, 2016); *see Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("only an express statement that [public officials] are being sued in their individual capacity will suffice"); *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims."). Defendant is the chancellor of Henderson State, which is a public university that is part of the Arkansas State University system. ECF No. 11, p. 3; *see Buckley v. Univ. of Arkansas Bd. of Trustees*, 780 F. Supp. 2d 827, 830 (E.D. Ark. 2011) (noting that Arkansas public universities are agencies of the state). Thus, the Court interprets Plaintiff's operative complaint (ECF No. 11) as suing Defendant in his official capacity only.

Defendant argues that he is immune from Plaintiffs' ADEA claim under the doctrine of sovereign immunity pursuant to the Eleventh Amendment and that no exception applies. ECF No. 16, p. 4. Addressing Plaintiffs' Response to Defendant's Motion to Dismiss (ECF No. 20), the Court first notes the Plaintiffs seem to have forgotten the claims they bring against Defendant. In their response, Plaintiffs state that because their "amended complaint alleged that they were entitled to 'injunctive relief' for racial discrimination under the Arkansas Civil Rights Act, those counts for prospective injunctive relief against state officials in their official capacity are not barred by the Eleventh Amendment." ECF No. 20, p. 3. At no point in Plaintiffs' operative complaint

5

do they bring a racial discrimination claim under the Arkansas Civil Rights Act or even mention the race of any party. *See* ECF No. 11. Consequently, the Court will not address that argument. Plaintiffs further argue that their federal law claim should not be barred by Eleventh Amendment immunity because the exception established in *Ex parte Young*, 209 U.S. 123 (1908) applies.[2] *Id.* at 3. The Court agrees with Defendant.

The Eleventh Amendment to the United States Constitution states that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Based on principles of sovereign immunity, the United States Supreme Court has interpreted the Eleventh Amendment as prohibiting suit against an unconsenting state by its own citizens." *Hardy v. Malvern Sch. Dist.*, No. 08-CV-06094, 2010 WL 956696, at *7 (W.D. Ark. Mar. 16, 2010) (citing *Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 304, 110 S. Ct. 1868, 109 L.Ed.2d 264 (1990)); *see also Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011) ("The Eleventh Amendment establishes a general prohibition of suits in federal court by a citizen of a state against his state or an officer or agency of that state."). Henderson State, as public university that is part of the Arkansas State University system, "is an agency of the state and is immune from suit." *Buckley*, 780 F. Supp. 2d at 830; *InfoMath, Inc. v. Univ. of Ark.,* 633 F.Supp.2d 674, 678 (E.D. Ark. 2007); *Greenwood v. Ross,* No. LR-C-79-406, 1988 WL 156151, *12 (E.D. Ark. Jan. 29, 1988).

However, "[u]nder the *Ex Parte Young* doctrine, a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law." *Care Comm.*,

---

[2] Plaintiffs further summarily state without providing any further argument that "the illegal act exception to Arkansas constitutional sovereign immunity still applies. *Williams v. McCoy*, 2018 Ark. 17, at 3, 535 S.W.3d 266, 268." ECF No. 11, p. 3. Plaintiffs do not demonstrate that the illegal act exception applies and for the reasons discussed below, sovereign immunity bars their claim.

6

638 F.3d at 632. "In determining whether this exception applies, a court conducts a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* "The Eighth Circuit has recognized that the *Ex parte Young* exception applies to suits against state officials where the plaintiff alleges that they were terminated in violation of federal law *and* seeks reinstatement." *Sterling v. Bd. of Trustees of Univ. of Arkansas*, No. 4:19-CV-00025 KGB, 2020 WL 6268109, at *6 (E.D. Ark. Oct. 23, 2020) (emphasis added); *see Mahn v. Jefferson Cty.*, 891 F.3d 1093, 1099 (8th Cir. 2018) (finding that the *Ex parte Young* exception applied when plaintiff sought "declaratory relief that her employment was terminated in violation of the First Amendment of the United States Constitution, and the remedy of reinstatement to her position"); *see also Singer v. Harris*, Case No. 4:15CV00408 BSM, 2016 WL 10489850, at *5 (E.D. Ark. July 13, 2016), *aff'd*, 897 F.3d 970 (8th Cir. 2018) (allowing a plaintiff's claim for prospective injunctive relief to proceed under the ADA where plaintiff's complaint sought "Declaratory for reinstatement or front pay").

In the present case, Plaintiffs do not seek reinstatement of their positions they were terminated from. Plaintiffs state in their amended complaint that they seek injunctive relief that Defendant "follow the law and allow Plaintiffs to apply for the position [of Academic Program Director] and other positions," of which Plaintiffs do not specify. ECF No. 11, p. 11. Further in their Response to Defendant's Motion to Dismiss, Plaintiffs assert that their "amended complaint alleges the prospective 'injunctive relief' required to state such a claim." ECF No. 20, p. 3. The relief Plaintiffs seek is not prospective and is insufficient to invoke the *Ex parte Young* exception, and simply by Plaintiffs stating so does not mean that it is. Other than not first allowing Plaintiffs an opportunity to apply for the Academic Director Position before promoting Ms. Klinger, Plaintiffs do not allege that Defendant has or is actively preventing them from applying to other

7

open positions. Plaintiffs do not allege any future or ongoing violations; thus, their relief cannot be properly characterized as "prospective." Consequently, the *Ex parte Young* exception does not apply and Plaintiffs' ADEA claim is barred by the doctrine of sovereign immunity under the Eleventh Amendment. Accordingly, Plaintiff's ADEA claim should be dismissed.

### B. State-Law Claim

Plaintiffs bring their second claim for breach of contract against Defendant pursuant to Arkansas common law. ECF No. 11, p. 11. In Plaintiffs' Response to Defendant's Motion to Dismiss, they state that "they acknowledge that other forums are more appropriate for this cause of action and stipulate to dismissal of their breach of contract claim." ECF No. 20, p. 2. Nevertheless, for completeness of the record and having dismissed Plaintiffs' ADEA claim, the Court declines to exercise supplemental jurisdiction over the remaining state-law claim. 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiffs' claim brought pursuant to breach of contract under Arkansas common law should be dismissed.

### CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 15) is hereby **GRANTED**. Plaintiffs' ADEA claim is hereby **DISMISSED WITH PREJUDICE**. Plaintiffs' claim brought pursuant to Arkansas law is hereby **DISMISSED WITHOUT PREJUDICE** as to Plaintiffs' right to file it in state court. Plaintiffs' Amended Complaint (ECF No. 11) is hereby **DISMISSED**.

**IT IS SO ORDERED**, this 8th day of March, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge